IN THE MATTER OF THE APPLICATION OF HENRY J. ANDER-
SON, to vacate assessment for flagging on First avenue,
in the city of New York.

Where an ordinance of the common council of the city of New York directed
an avenue to be curbed and guttered, and the sidewalks to be flagged, with-
out directing that new flagging should be used; *Held* that it was no objec-
tion to the assessment that a part of the old flagging was relaid, and the old
curb reset, the expense of the labor, only, being charged.

Nor is it an objection to the assessment that the lots are charged for the work
done opposite each lot, while the expenses are charged on all the property,
per foot, equally.

Although the street directly in front of a lot may not require much expense
to bring it to the grade, still the lot may be very much benefited by the
grading beyond it; and the assessors are to judge of the extent of such
benefit. *Per* INGRAHAM, J.

The objection that more than one lot, owned by the same person, is included
in one assessment, is not a valid ground for vacating the same; provision
being made for apportioning the amount upon each lot, if necessary; al-
though it would be better to assess each lot by itself.

MOTION to vacate an assessment for flagging, in the city
of New York.

INGRAHAM, J.   It is objected, to this assessment, that part
of the old flagging was relaid and old curb reset, and
the expense included.   The ordinance directed the avenue
to be curbed and guttered, and sidewalk flagged.   It did
not direct that new flagging should be used; and if the
contractor under the direction of the street commis-
sioner, finds good flagging on part of the line and resets
it, only charging the expense of the labor, the peti-
tioner has no cause to complain.   The ordinance is not
violated; it does not appear that he has been injured;
and there is clearly no fraud shown ; but on the contrary, a
piece of honesty in fulfilling the contract, which is to be
commended, rather than to be condemned.   It is neither
fraud nor legal irregularity in laying the assessment that
warrants setting it aside.

Matter of Anderson.

The second objection is, that the lots are charged for the work done opposite each lot, while the expenses are charged on all the property, per foot, equally.

For a long time past it has been the custom to assess all expenses for work, and for making the assessment, alike, equally on all the owners, per foot. I believe this mode of assessment was first adopted in grading Tenth avenue, more than thirty years since, and has, in most instances, been followed since that time. The reason of the charge, in the avenue, was, that a large mass of rock had to be removed, and preparing the avenue for travel was an equal benefit to all the owners alike. If that rule had been adopted in this case, it would have been within the discretion of the assessors, who are to make the assessment according to the amount of benefit each lot receives, from the improvement. It must be remembered that although the street directly in front of the lot may not require much expense to bring it to the grade, still the lot may be very much benefited by the grading beyond it; and the assessors are to judge of the extent of such benefit. There is no wrong done, or irregularity committed, in making that assessment.

Nor is the objection that more than one lot is included in one assessment, any ground for vacating the same. The numbers are given, both for ward and street, and the amount for all, included in one sum. Provision is made for apportioning this amount on each lot if necessary; and although it would be better to assess each lot by itself, yet where the same person owns the whole, no injury can be sustained by putting them together. There is no allegation that the petitioner is not the owner of all.

No good reason is shown for interfering with this assessment.

Application denied.

[NEW YORK SPECIAL TERM, May 1, 1871. *Ingraham*, Justice.]